Case 4:20-cr-06013-SMJ    ECF No. 80    filed 11/02/20    PageID.284    Page 1 of 6

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 02, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>HERNAN SICAIROS-TAMAYO,<br><br>                    Defendant. | No.   4:20-cr-06013-SMJ<br><br>**ORDER DENYING THE GOVERNMENT'S MOTION TO RECONSIDER** |

On October 15, 2020, this Court ordered Assistant U.S. Attorney (AUSA) Richard C. Burson recuse himself from the hearing on Defendant's motion to sever counts, ECF No. 52, and motion to suppress evidence, ECF No. 53, and that the United States Attorney's Office (USAO) appoint a new AUSA to represent the Government during the hearing. The Court memorialized that oral ruling in an Order dated October 19, 2020. ECF No. 70. Before the Court is the Government's Motion to Reconsider that Order. ECF No. 72. The Court is fully informed and denies the motion.

## BACKGROUND

Defendant Hernan Sicairos-Tamayo faces three charges in this case: one count of Possession with Intent to Distribute a Controlled Substance in violation of

ORDER DENYING THE GOVERNMENT'S MOTION TO RECONSIDER – 1

21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A), and one count of Alien in the United States after Deportation in violation of 8 U.S.C. § 1326.

The drug trafficking charges at issue arise from the seizure of methamphetamine from Defendant's apartment after his roommate, Estela Elvira Sandoval, allegedly consented to a search. Defendant moved to suppress evidence, arguing that the agents coerced Ms. Sandoval's consent. ECF No. 53 at 2.

On October 15, 2020, at the originally scheduled hearing on the motion to suppress, defense counsel learned during the lead agent, Special Agent Daina Nuñez (SA Nuñez)'s testimony, that Mr. Burson and SA Nuñez had discussed obtaining Ms. Sandoval's consent on the date the search took place. At that point, Defendant requested Mr. Burson's recusal on the basis that he might call Mr. Burson as a witness in the matter. The Court granted the request and ordered the USAO assign a new AUSA to the matter.

The Government filed this Motion to Reconsider, ECF No. 72, as well as a Motion to Expedite, ECF No. 73. The Court granted the Motion to Expedite and set an expedited briefing schedule. Defendant filed a response, ECF No. 76, and the Government filed a reply, ECF No. 77. The Court ordered Defendant to disclose if he plans to call Mr. Burson as a witness, and to provide a compelling need for Mr.

ORDER DENYING THE GOVERNMENT'S MOTION TO RECONSIDER – 2

Burson's testimony that could not be satisfied by other sources of testimony. ECF No. 78. Defendant responded, indicating that he plans to call Mr. Burson as a witness at both the hearing on the motion to suppress and at trial. ECF No. 79. He also listed a series of questions that he plans to ask Mr. Burson at the hearing. *Id.*

## LEGAL STANDARD

"A defendant has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness." *United States v. Prantil*, 764 F.2d 548, 551 (9th Cir. 1985). But a Defendant need not always "resort to alternative means of adducing factual testimony." *Id.* at 551–52. Although "courts have generally disfavored allowing a participating prosecutor to testify," defendants may call a prosecutor to testify if they demonstrate a "compelling need." *Id.* at 554 (citing *United States v. West*, 680 F.2d 652, 654 (9th Cir. 1982) and *United States v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982)). "[T]he court must honor the defendant's constitutional rights under the confrontation and compulsory process clauses of the Sixth Amendment." *Id.* at 552.

Courts must consider if the testimony would be duplicative and the quality and quantity of alternative evidence, as well as policy concerns, including the risk that a testifying participating prosecutor would not be a fully objective witness given his position as an advocate for the government, preventing the prestige and prominence of the prosecutor's office from being attributed to testimony by a

ORDER DENYING THE GOVERNMENT'S MOTION TO RECONSIDER – 3

testifying prosecutor, eliminating jury confusion, and promoting public confidence in the criminal justice system by avoiding the appearance of impropriety. *Id.* at 552–553.

**DISCUSSION**

Defendant has shown a compelling need for Mr. Burson's testimony. Defendant indicated that he plans to call Mr. Burson to testify at the hearing on the motion to suppress. ECF No. 79 at 1. He lists a series of twelve questions that he plans to ask Mr. Burson, including "What facts did you rely on to make the decision to have the agent seek consent?" and "In reaching the decision to seek consent, was this discussed with your supervisor?" ECF No. 79 at 2. SA Nuñez cannot answer these questions.

Whether the Court's decision eventually hinges on Mr. Burson's testimony is immaterial. True, SA Nuñez and Mr. Burson's conversation did not occur in the presence of Ms. Sandoval. But Mr. Burson spoke with SA Nuñez about exactly the issue at the crux of this hearing. Policy considerations, then, weigh in favor of allowing Defendant to call Mr. Burson as a witness, and Mr. Burson's recusal. And although jury confusion issues do not arise during a motion to suppress, the Court must still ensure witness neutrality and public confidence to the extent possible. "The advocate-witness rule is aimed at protecting the integrity of the fact-finding process, not at distorting the process itself." *Prantil*, 764 F.2d at 554. Allowing

ORDER DENYING THE GOVERNMENT'S MOTION TO RECONSIDER – 4

Defendant to call Mr. Burson as a witness will preserve the fact-finding process, protect Defendant's constitutional rights, and allow this Court to make an informed decision regarding the issue of consent.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion to Reconsider, **ECF No. 72**, is **DENIED**.

   **A.** The USAO must **APPOINT** a new AUSA to represent the Government during the hearing on Defendant's motion to sever counts, ECF No. 52, and motion to suppress evidence, ECF No. 53, on November 6, 2020.

   **B.** The Court **ORDERS** that Mr. Burson not have any additional contact discussing the facts in this matter with any of the potential witnesses in this case.

//
//
//
//
//
//
//
//

      **C.**      The Court does not rule on whether Mr. Burson must permanently recuse himself from this case, or whether the recusal is limited to the motion hearing only.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel, the U.S. Probation Office, and the U.S. Marshals Service.

**DATED** this 2nd day of November 2020.

_____
SALVADOR MENDOZA, JR.
United States District Judge